# In the United States District Court for the Southern District of Georgia Waycross Division

KAREN DENISE IBARRONDO,

    Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

5:25-CV-147

## ORDER

Before the Court is Defendant State Farm's motion to strike Plaintiff's second amended complaint or, alternatively, motion to dismiss Plaintiff's second amended complaint. Dkt. No. 18. For the reasons below, State Farm's motion to strike is **DENIED**, and the Court **DEFERS** ruling on State Farm's alternative motion to dismiss.

## BACKGROUND

This case involves an insurance dispute between Plaintiff Karen Ibarrondo and Defendant State Farm Fire and Casualty Company ("State Farm"). Dkt. No 1-1. In the original complaint, Plaintiff alleges that she entered into an insurance contract with State Farm ("the Policy") to cover her property in Alma, Georgia ("the Property"). Id. ¶¶ 5-6. Plaintiff alleges that, on or about September 27, 2024, a hurricane caused physical damage to the

Property. Id. ¶¶ 7, 18. Plaintiff states that she "submitted a claim to the Insurance Company for coverage due to the Loss," but, allegedly, State Farm has not paid Plaintiff the full amount owed under the Policy. Id. ¶¶ 8, 13.

On September 18, 2025, Plaintiff filed suit in the Superior Court of Bacon County, Georgia, asserting breach of contract and bad faith claims against State Farm. See generally id. Plaintiff amended her complaint on November 6, 2025. Dkt. No. 1-2. On November 13, 2025, State Farm removed the suit to this Court, dkt. no. 1, and moved to dismiss the complaint, dkt. no. 12 (the "first motion to dismiss"). On December 19, 2025, Plaintiff filed a second-amended complaint—her first amendment in this Court. Dkt. No. 15. The Court denied State Farm's first motion to dismiss as moot in light of the second-amended complaint. Dkt. No. 16. Then, on January 2, 2026, State Farm filed the instant motion to strike the second amended complaint or, alternatively, motion to dismiss same. Dkt. No. 18. Plaintiff opposes the motion. Dkt. No. 23.

## LEGAL AUTHORITY

Motions to strike are governed by Federal Rule of Civil Procedure 12(f). Under this rule, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, Rule 12(f) authorizes the Court to act either on its own to strike such matters, or "on motion made by a party." Id.

**DISCUSSION**

In support of its motion to strike, State Farm argues that Plaintiff's second-amended complaint is procedurally improper under Federal Rule of Civil Procedure 15.  See generally Dkt. No. 18.  In her response in opposition, Plaintiff points out that State Farm "does not identify any specific allegation, paragraph, or defense that is redundant, immaterial, impertinent, or scandalous," as required by Rule 12(f).  Dkt. No. 26 at 4.  Instead, State Farm seeks to strike the second-amended complaint in its entirety.  Id.

Motions to strike are generally disfavored and have been described as "time wasters."  Sun Am. Bank v. Fairfield Fin. Servs., Inc., No. 5:08-cv-341, 2010 WL 554029, at *1 (M.D. Ga. Feb. 9, 2010) (citing Purdee v. Pilot Travel Ctrs., No. 4:07-cv-028, 2009 WL 423976, at *1 (S.D. Ga. Feb. 19, 2009)).  "Rather than 'striking' a document in its entirety, it is usually more appropriate 'to consider a party's [specific] objections.'"  Id. In its motion to strike, State Farm identifies no specific statement to which it objects.  It has therefore failed to show the striking of Plaintiff's second-amended complaint is warranted under Rule 12(f).

Further, State Farm's argument that the second-amended complaint should be stricken because it fails to conform with Rule 15 is not persuasive.  Federal Rule of Civil Procedure 15 states

3

that "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff filed her second-amended complaint just *hours* after State Farm filed its first motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 12, 15 (motion to dismiss and second-amended complaint both filed December 19, 2025). It would thus appear that Plaintiff asserted her right to amend as a matter of course pursuant to Rule 15(a)(1) (stating a party may amend its pleading twenty-one days after service of a motion under Rule 12(b)). State Farm argues, however, that Plaintiff had already "used" her amendment-as-a-matter-of-course in state court when she filed the first-amended complaint. Dkt. No. 18 at 3.

The Court finds instructive a case from its sister district court, <u>Erler v. Hasbro, Inc.</u> There, the Northern District of Georgia held:

> While Plaintiffs have already once amended their complaint in state court, they did so pursuant to O.C.G.A. § 9-11-15(a), which allows a party to "amend

4

his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." Plaintiffs have not yet amended their complaint pursuant to Federal Rule of Civil Procedure 15(a), which provides that "[a] party may amend its pleading once as a matter of course within . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." While there appears to be no case on point, the Court finds the most practical reading of Rule 15 is that the right to amend of course is once **under that rule**, and not once ever. Accordingly, where state law provides no limits on the number of amendments of pleadings, such amendments prior to removal do not count toward the "one-amendment rule" post-removal.

No. 1:19-cv-2658, 2020 WL 10110985, at *1 (N.D. Ga. Jan. 30, 2020) (emphasis added).  Like the plaintiffs in Erler, Plaintiff here had not yet taken advantage of Rule 15's as-a-matter-of-course amendment when she filed the second amended complaint. Accordingly, State Farm's motion to strike for failure to comply with Rule 15, dkt. no. 18, is **DENIED.**[1]

### CONCLUSION

State Farm's motion to strike the second amended complaint, dkt. no. 18, is **DENIED.**  The second-amended complaint, dkt. no. 15, is hereby deemed the operative pleading.

---

[1] Plaintiff recently moved for leave of Court to file a third-amended complaint but did not attach a proposed pleading.  See Dkt. No. 27.  The Magistrate Judge ordered Plaintiff to file a proposed pleading on or before March 10, 2026.  See Dkt. No. 30. Because the outcome of that motion could affect State Farm's pending motion to dismiss, dkt. no. 18, the Court **DEFERS** ruling on that motion at this time.

**SO ORDERED** this ____ day of February, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6